# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-7137**

**September Term, 2025**

**1:23-cv-03833-CJN**

**Filed On:** January 2, 2026

Shewaferrahu Kuratu,

      Appellant

    v.

Carmart Dealership and Credit Acceptance
Corporation,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Rao, Walker, and Childs, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders entered April 24, 2024, and August 21, 2024 be affirmed. Appellant has shown no error in the district court's order compelling arbitration, as he explicitly agreed to arbitration in the district court and did not preserve any argument that his claims were not subject to arbitration. See Shands v. Comm'r of Internal Revenue, 111 F.4th 1, 10 (D.C. Cir. 2024) (declining to reach argument that appellant "expressly disavowed"), cert. denied, 145 S. Ct. 1178 (2025); see also Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal.") (citation omitted). Additionally, appellant has shown no error in the district court's order dismissing the case. Appellant did not request a stay of proceedings from the district court and has not shown that the stay initially ordered by the district court should have remained in place after he failed to initiate arbitration. See Wolff v. Westwood Mgmt., LLC, 558 F.3d 517, 521 (D.C. Cir. 2009) (stating that because no party had requested a stay, district court did not err in dismissing case rather than staying it).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 24-7137

## September Term, 2025

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**